## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

TYLER MOELLER,

     Plaintiff,

v.                                                                                      Civ. No. 21-963 GJF/SMV

HOLLAND LP and
JOHN DOE *Driver*,

     Defendants.

### <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER is before the Court on Plaintiff's Motion to Remand [ECF 8], which requests that the Court remand this matter back to the First Judicial District Court of the State of New Mexico. ECF 8 at 1. After the matter was fully briefed, the Court ordered the parties to file additional briefing on the following question:

> Under the facts alleged in the Complaint, is there a remedy under the Interstate Commerce Commission Termination Act ("ICCTA") Plaintiff could pursue? Put otherwise, does the ICCTA provide a federal remedy that vindicates the same basic right or interest that would otherwise have been vindicated under New Mexico state negligence law?

ECF 15 at 2. In compliance with the order, the parties filed supplemental briefing on January 7, 2022. ECFs 16 & 17. On January 11, 2022, Defendant Holland LP filed a Notice of Errata, advising that its supplemental brief "was inadvertently filed" and attached a substitute brief. ECFs 19 & 19-1. Plaintiff moved to strike the Notice of Errata, to which Defendant Holland has now responded. ECFs 21 & 22. For the reasons set forth below, the Court **GRANTS** the Motion to Remand and **DENIES** the Motion to Strike.

## I.  BACKGROUND

On June 6, 2021, in the First Judicial District Court in Santa Fe, Plaintiff filed his "Complaint for Negligence, Personal Injuries, Damages, Respondeat Superior, Negligent Supervision and Training, Premises Liability and Punitive Damages." ECF 1-1 at 1. The Complaint alleged that Plaintiff worked for a staffing company that assigned him to a temporary position with Defendant Holland, which contracted with BNSF Railway to clean railway cars. *Id.* While working on a property leased by Defendant Holland, Plaintiff had his leg crushed by a piece of heavy machinery being towed by Defendant John Doe (an alleged employee of Defendant Holland). *Id.* at 4. As a consequence of the injuries, Plaintiff's leg was amputated below the knee. *Id.* at 5. Plaintiff's Complaint brought the following state law claims: "Negligence as to Defendant John Doe Driver" (count I); "Negligence, Premises Liability and Negligent Supervision Training as to Defendant Holland L.P." (count II); and "Punitive Damages" (Count III). *Id.* at 5–8.

On October 1, 2021, Defendant Holland filed a "Notice of Removal of State Court Action Pursuant to 28 U.S.C. §§ 1331 and 1441 on the Basis of Federal Law Asserted." ECF 1 at 1. The Notice asserted that Plaintiff's claims were preempted by the ICCTA, thereby providing this Court with federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441(c). ECF 1 at 1–2. Plaintiff thereafter filed the instant Motion to Remand. ECF 8.

## II. ISSUE

The Motion to Remand requires the Court to consider whether Plaintiff's state law negligence claims are completely preempted by the ICCTA such that Defendant Holland's removal based on federal question jurisdiction was proper.[1]

---

[1] Plaintiff actually advanced three separate bases for remand: (1) the notice of removal was not timely, (2) Defendant Holland failed to get the consent of Defendant John Doe, and (3) Defendant Holland failed to carry its burden of showing a sufficient basis for federal question jurisdiction. Because the Court agrees that it does not have jurisdiction, however, it neither addresses nor decides the merits of Plaintiff's alternative bases for remand.

## II. PARTIES' ARGUMENTS

Plaintiff anchors his request for remand to the straightforward proposition that because Defendant Holland has invoked only federal question jurisdiction, and because Plaintiff's Complaint brought no claims arising under federal law, the Court does not have federal question jurisdiction over this case. ECF 8 at 8.  Plaintiff asserts that, under the well-pleaded complaint rule, a federal court typically does not have federal jurisdiction unless a federal question appears on the face of the complaint. *Id.* (citing *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006)). But Plaintiff acknowledges that a federal court may still have jurisdiction over a complaint asserting only state law causes of action if the doctrine of complete preemption applies. *Id.* (citing *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013)). Plaintiff insists, however, that this doctrine does not apply because the ICCTA neither (1) preempts his claims nor (2) provides a cause of action that would remedy his claims. ECF 8 at 9–10; ECF 16 at 3. Because his Complaint pled only state law causes of action and because the ICCTA does not completely preempt those causes of action, Plaintiff reasons that the Court does not have federal question jurisdiction.

For its part, Defendant Holland contends that the ICCTA's express preemption provision completely preempts Plaintiff's claims. ECF 13 at 5–6 (citing 49 U.S.C. § 10501(b)). Defendant Holland emphasizes that several courts have recognized that the ICCTA's express preemption provision is broad. *Id.* at 6 (citing *BNSF Ry. Co. v. California Dep't of Tax & Fee Admin.*, 904 F.3d 755, 760 (9th Cir. 2018)). In addition, Defendant Holland observes that "[n]umerous federal and state court[s] have applied ICCTA preemption to state-law tort claims arising out of a railroad's conduct or a condition of its facilities." *Id.* (citing *Tubbs v. Surface Transp. Bd.*, 812 F.3d 1151, 1145–46 (8th Cir. 2015); *Waubay Lake Farmers Ass'n v. BNSF Ry. Co.*, No. 12-4179-

RAL, 2014 WL 4287086, at 6–7 (D.S.D Aug. 28, 2014); *In re Katrina Canal Breaches Consol. Litig.*, No 05-4182, 2009 WL 224072, at *5–6 (E.D. La. Jan. 26, 2009); *Maynard v. CSX Transp., Inc.*, 360 F. Supp.2d 836, 837–42 (E.D. Ky. 2004)). Defendant Holland cites still more cases in which "courts have found complete preemption in the context of state laws that attempted to manage or govern rail transportation." ECF 19-1 at 4 (citing *Elam v. Kansas City S. Ry.*, 635 F.3d 796, 807 (5th Cir. 2011); *14500 Ltd. v. CSX Transp., Inc.,* No. 1:12cv1810, 2013 WL 1088409 (N.D. Ohio Mar. 14, 2013); *B & S Holdings, LLC v. BNSF Ry. Co.*, 899 F.Supp.2d 1252 (E.D. Wash. 2012)). Defendant Holland concludes by arguing that, because Plaintiff's injuries stem from "conduct and instrumentalities … [that] are indisputably part of rail operations," his claims are completely preempted by the ICCTA and are therefore deemed to present federal questions sufficient to trigger this Court's jurisdiction. ECF 13 at 7.

### III. APPLICABLE LAW

#### A. Federal Question Jurisdiction

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). The instant Motion to Remand concerns federal question jurisdiction under 28 U.S.C. § 1331, which endows federal courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Federal subject matter jurisdiction 'cannot be consented to or waived, and its presence must be established in every cause under review in the federal courts.'" *Id.* (quoting *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1022 (10th Cir. 2012)).

The party asserting federal question jurisdiction bears the burden of establishing it. *Becker v. Ute Indian Tribe of the Uintah and Ouray Reservation*, 770 F.3d 994, 947 (10th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "'To determine

4

whether [a] claim arises under federal law, [courts] examine the well[-]pleaded allegations of the complaint and ignore potential defenses." *Devon Energy Prod. Co.*, *L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1203 (10th Cir. 2012) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)) (brackets in original). "For a case to arise under federal law within the meaning of § 1331, the plaintiff's 'well-pleaded complaint' must establish one of two things: 'either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Firstenberg*, 696 F.3d at 1024 (citing *Nicodemus*, 440 F.3d at 1232). Notably, "[n]either the plaintiff's anticipation of a federal defense nor the defendant's assertion of a federal defense is sufficient to make the case arise under federal law." *Turgeau v. Admin. Rev. Bd.*, 446 F.3d 1052, 1060 (10th Cir. 2006).

**B. Complete Preemption**

As a general rule, "'[b]y omitting federal claims from a complaint, a plaintiff can [generally] guarantee an action will be heard in state court.'" *Devon Energy*, 693 F.3d at 1204. The complete preemption doctrine operates as a major exception to that rule. Under that doctrine, "'a complaint alleging only a state law cause of action may be removed to federal court on the theory that federal preemption makes the state law claim 'necessarily federal in character.'" *Id.* The complete preemption doctrine is rarely applied—so rare in fact that the Supreme Court has recognized complete preemption "in only three areas: § 301 of the Labor Management Relations Act of 1947 …, § 502 of the Employee Retirement Income Security Act of 1974 …, and actions for usury against national banks under the National Bank Act." *Id.* at 1204–05 (quoting *Cmty. State Bank v. Strone*, 651 F.3d 1241, 1260 n.16 (11th Cir. 2011); *Hansen v. Harper Exacting, Inc.*, 641 F.3d 1216, 1221 (10th Cir. 2011)).

Importantly, the jurisdictional doctrine of complete preemption is distinct from the preemption *defense*. *Schmeling v. Nordam*, 97 F.3d 1336, 1339 (10th Cir. 1996). Indeed, "[c]omplete preemption must be distinguished from 'defensive preemption' … Defensive preemption does not create federal jurisdiction and simply 'declares the primacy of federal law, regardless of the forum or the claim."

*Elam v. Kansas City So. Ry. Co.* 635 F.3d 796 (5th Cir. 2011) (quoting *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 331 (5th Cir. 2008)). Under the complete preemption doctrine, in contrast, removal is proper only if (1) federal law preempts the plaintiff's state law claim(s) and (2) "Congress intended to allow removal," in cases like the plaintiff's, "as manifested by the provision of a federal cause of action." *Schmeling*, 97 F.3d at 1343.

The Tenth Circuit has "cautioned … that courts should begin their inquiry with the second prong" to avoid "addressing needlessly the first prong, which will frequently require a discussion of the merits of the preemption defense." *Devon Energy*, 693 F.3d at 1206 (citing *Schmeling*, 97 F.3d at 1342). "[A]lthough a federal cause of action is prerequisite to removal under the complete preemption doctrine, the federal cause of action need not provide the same remedy as the state cause of action." *Schmeling*, 97 F.3d at 1343. Instead, the "federal remedy at issue must vindicate the same basic right or interest that would otherwise be vindicated under state law." *Devon Energy*, 693 F.3d at 1207 (citing *Ry. Labor Execs. Ass'n v. Pittsburgh & Lake Erie R.R.*, 858 F.2d 936, 942 n.2 (3rd Cir. 1988)).

## IV. ANALYSIS

Under the ICCTA, the Surface Transportation Board ("STB") has exclusive jurisdiction over:

(1) transportation by rail carriers, and the remedies provided in this part with respect to rates, classifications, rules (including care service, interchange, and other operating rules), practices, routes, services, and facilities of such carriers; and

(2) the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial team, switching, or side tracks, or facilities, even if the tracks are located, or intended to be located, entirely in one State.

49 U.S.C. § 10501(b)(1)-(2). The remedies provided by the ICCTA "are exclusive and preempt the remedies provided under Federal and State law." § 10501(b). "'[R]ail carrier' means a person providing common carrier railroad transportation for compensation, but does not include street, suburban, or interurban electric railways not operated as part of the general system of rail transportation." 49 U.S.C. § 10102(5). And

'transportation' includes—

(A) a locomotive, car, vehicle, vessel, warehouse, wharf, pier, dock, yard, property, facility, instrumentality, or equipment of any kind related to the movement of passengers or property, or both, by rail, regardless of ownership or an agreement concerning use; and

(B) services related to that movement, including receipt, delivery, elevation, transfer in transit, refrigeration, icing, ventilation storage, handling, and interchange of passengers and property.

49 U.S.C. § 10102(9)(A)-(B).

For the following reasons, the Court holds that the ICCTA does not completely preempt Plaintiff's state negligence claims. In doing so, the Court is persuaded by the Fifth Circuit's analysis in *Elam v. Kansas City So. Ry. Co.* 635 F.3d 796 (5th Cir. 2011).[2] In that case, Barbara

---

[2] The Fifth Circuit's analysis in *Elam* has previously found favor in this District in *Tres Lotes LLC v. BNSF Ry. Co.*, 61 F.Supp.3d 1213 (D.N.M. 2014). There, the plaintiff property owner sought to enforce an alleged easement between it and a railway. *Id.* at 1214. Relying on *Elam*, the court held that because the plaintiff's "contract, quasi-contract, and property claims [were] each predicated on areas of substantive New Mexico law that are generally unrelated to rail transportation of any kind," the plaintiff's claims were not completely preempted "despite the fact that they touch[ed] the tracks in some literal sense." *Id.* at 1218 (quoting *New Orleans & Gulf Coast Ry. Co.*, 533 F.3d at 331). The court accordingly granted the plaintiff's motion to remand the case back to New Mexico State Court. *Tres Lotes, LLC v. BNSF Railway Company et al.*, 14cv566 MV/WPL, ECF 21.

Elam suffered injuries when her vehicle collided with the side of a train. *Elam*, 635 F.3d at 801. Elam and her husband brought state law claims in Mississippi state court against the train's owner and engineer, asserting that (1) the defendants were negligent per se in violating a Mississippi antiblocking statute, which limited the amount of time a train may occupy a road crossing, and (2) the defendants negligently failed to provide adequate warnings of the train's presence at the crossing. *Id.* at 801–02. The defendants removed the action to the U.S. District Court for the Northern District of Mississippi on the ground that the ICCTA completely preempted the Elams' claims. *Id.* at 802. The Elams moved for remand, contending that the district court lacked subject matter jurisdiction. *Id.* The district court denied the motion, however, holding that the ICCTA completely preempted both claims. *Id.* On appeal, the Fifth Circuit affirmed in part and reversed in part, reasoning that the ICCTA "completely preempt[ed] the Elams' negligence per se claim but d[id] not preempt their simple negligence claim." *Id.* at 801.

The Fifth Circuit began its analysis by observing that Congress intended the ICCTA to completely preempt "only laws that have the effect of *managing or governing* rail transportation." *Id.* at 805 (quoting *Franks Inv. Co. LLC v. Union Pac. R. Co.*, 593 F.3d 404, 409 (5th Cir. 2010)) (emphasis in original). Importantly, however, the Fifth Circuit emphasized that the ICCTA does not "expressly preempt generally applicable state laws that have a mere 'remote or incidental effect on rail transportation.'" *Id.* (quoting *Franks Inv. Co. LLC*, 593 F.3d at 409). Thus, the Fifth Circuit held that "when a plaintiff's tort claim directly attempts to manage or govern a railroad's decisions in the economic realm, that claim 'is either wholly federal or nothing at all.'" *Id.* at 807 (quoting *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 330 (5th Cir. 2008)).

Because "Mississippi's antiblocking statute directly attempt[ed] to manage [the defendants'] switching operations, including [the defendants'] decisions as to train speed, length,

and scheduling," (i.e., "direct[ly] attempt[ed] to manage [the defendants'] decisions in the economic realm"), the Fifth Circuit concluded that claims premised on that statute were "completely preempted by the ICCTA." *Id.* In sharp contrast, however, the Fifth Circuit held that the ICCTA did *not* preempt the Elams' simple negligence claim because "[a] typical negligence claim seeking damages for a typical crossing accident … does not directly attempt to manage or govern a railroad's decisions in the economic realm." *Id.* at 813. Like the Elams' simple negligence claim, Plaintiff's negligence claims here do not invoke state laws that attempt to directly manage or govern a railroad's decisions in the economic realm.[3]

Additionally, the Court holds that Defendant Holland has not met its burden of establishing that the ICCTA provides a cause of action that would remedy Plaintiff's claims. *See Devon Energy*, 693 F.3d at 1203–04 (recognizing that the party who invokes federal question jurisdiction bears the burden of establishing that the complete preemption doctrine applies to the plaintiff's claims). Defendant Holland insists that 49 U.S.C. § 11704 provides such a cause of action. ECF 19-1 at 5. Section 11704(b) states that "[a] rail carrier providing transportation subject to the jurisdiction of the Board under this part is liable for damages sustained by a person as a result of an act or omission of that carrier in violation of this part. A rail carrier providing transportation subject to the jurisdiction of the Board under this part is liable to a person for amounts charged that exceed the applicable rate for the transportation."

---

[3] Defendant Holland cites to *Elam* as an example in which claims similar to Plaintiff's have been held to be completely preempted. ECF 19-1 at 4. But Defendant Holland's comparison to *Elam* misses half of the mark. While it is true that the Fifth Circuit determined that Mississippi's antiblocking statute was completely preempted by the ICCTA, the Fifth Circuit held that the plaintiff's simple negligence claim (i.e., negligence in providing adequate warnings) was not completely preempted. 635 F.3d at 807–08, 813–14. Here, Plaintiff's claims come much closer to the *Elam* plaintiffs' simple negligence claim. Like a negligence claim based on a defendant's failure to provide adequate warnings, a negligence claim based on a defendant's negligent supervision and training of an employee is premised on state law that has merely an incidental effect on railway operations. *See id.* (observing that the ICCTA "does not expressly preempt generally applicable state laws that have a mere 'remote or incidental effect on rail transportation.'" (quoting *Franks Inv. Co. LLC*, 593 F.3d at 409)).

But Defendant Holland has not cited any authority for the specific proposition that claims such as Plaintiff's may be brought before the STB. *See* ECF 13 at 5–7; ECF 19-1 at 4–5; *see also Fayard v. Northeast Vehicle Services, LLC*, 533 F.3d 42, 47 (1st Cir. 2008) ("But even where a federal statute can completely preempt some state law claims, the question remains *which* claims are so preempted." (emphasis in original)). Defendant Holland likewise has not cited any STB decisions resolving claims analogous to Plaintiff's. *C.f. Fayard*, 533 F.3d at 47 (observing that the fact that the STB had not entertained any ICCTA "claims seeking redress for railroad conduct akin to nuisance," supported the proposition that state nuisance claims were not completely preempted by the ICCTA). Indeed, a number of federal courts have held that "[t]he ICCTA does not create a federal remedy for state tort actions related to railroads." *See Minton v. Paducah & Louisville Ry., Inc.*, 423 F.Supp.3d 375. 381 (W.D. Ky. 2019) (collecting cases).

In its briefing, Defendant Holland devotes significant energy to advance the argument that the ICCTA preempts Plaintiff's claims. *See* ECF 13 at 5–7; ECF 19-1 at 3–4.[4] But that a state law may be preempted by federal law does not in and of itself mean that the competing state law is *completely* preempted such that claims brought under it present a federal question. *Fayard*, 552 F.3d at 45 ("By contrast, ordinary preemption—i.e., that a state claim conflicts with a federal statute—is merely a *defense* and is not a basis for removal." (citing *Gully v. First Nat'l Bank*, 299

---

[4] *See, e.g.*, *Emerson v. Kansas City So. Ry. Co.*, 503 F.3d 1126 (10th Cir. 2007) (holding that landowner plaintiffs' state trespass, unjust enrichment, public and private nuisance, negligence, and negligence per se claims brought against defendant railway were preempted because the underlying state law conflicted with the ICCTA).

While Defendant Holland cited cases in which courts have held that a state law was completely preempted by the ICCTA, ECF 19-1 at 4–5, *none* of those cases held that state *negligence* law was completely preempted by the ICCTA. *See e.g.*, *1450 Ltd. v. CSX Transp., Inc.*, No. 1:12CV1810, 2013 WL 1088409, at *1, 4–5 (N.D. Ohio Mar. 14, 2013) (holding that a plaintiff's state adverse possession claim against defendant railway was completely preempted because "the evidence presented demonstrated that the taking of [the defendant's] property would affect railroad transportation in the future."); *B & S Holdings, LLC v. BNSF Ry. Co.*, 889 F.Supp.2d 1252, 1254, 1258 (E.D. Wash. 2012) (holding that a plaintiff's state adverse possession claim against defendant railway was completely preempted because "not only [would the adverse possession claim] interfere with railroad operations, but [it] would divest the railroad of the very property with which it conducts its operations").

U.S. 109 (1936)) (emphasis in original)). Indeed, "[t]he Court hastens to emphasize that its holding is limited to the 'extraordinary' doctrine of complete preemption;" Plaintiff's claims "may be preempted by the ICCTA, but that determination is consigned to the considered judgment of the state court on remand." *Tres Lotes*, 61 F.Supp.3d at 1218 (citing *Felix v. Lucent Tech., Inc.*, 387 F.3d 1146, 1158 (10th Cir. 2004)).

### V. PLAINTIFF'S MOTION TO STRIKE

Plaintiff argues that Defendant Holland's Notice of Errata [ECF 19] should be stricken because the Notice was filed four days after the Court's deadline for additional briefing [ECF 15] and because the Notice substantively changed the content of Defendant Holland's additional briefing. ECF 21 at 2–3. In opposing the motion, Defendant Holland argues that it mistakenly filed the wrong document in response to the Order for Additional Briefing and its "erroneous and inadvertent filing was not intentional or malicious and has not prejudiced Plaintiff." ECF 22 at 2.

Although neither party briefed the standard by which it is to consider the Motion to Strike, the Court finds that Federal Rule of Civil Procedure 6(b)(1)(B) controls. Under that provision, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect." Because Defendant Holland filed its Notice out of time, *see* ECFs 15 (additional brief due January 7, 2022) & 19 (Notice of Errata filed January 11, 2022), the Court construes Defendant Holland's Notice of Errata as a motion to file its additional brief out of time. Finding that Defendant Holland has shown "excusable neglect," the Court declines to strike its Notice.

Under Tenth Circuit precedent:

[a] finding of excusable neglect depends on four factors: '[1] the danger of prejudice to the [non-moving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it

11

was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

*Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "The most important factor is the third; an inadequate explanation for delay may, by itself, be sufficient to reject a finding of excusable neglect." *Id.* (citing *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004)).

Applying the four factors from *Perez*, the Court finds that Defendant Holland has established excusable neglect for filing its additional briefing out of time. First, Plaintiff has not suffered any prejudice whatsoever. Although the Court ordered simultaneous briefing, ECF 15 at 3, Defendant Holland's untimely additional brief does not appear to have taken advantage of being filed after Plaintiff's brief. Indeed, Defendant Holland's supplemental brief neither responds to nor otherwise contests the arguments Plaintiff made in his additional brief. *See* ECF 19-1. Second, the length of delay was insubstantial—only four days—and had no apparent impact on judicial proceedings considering that no trial date has yet been set and discovery has not been opened. Third, the reason for the delay is adequate—due to a simple clerical error, Defendant Holland accidentally filed the wrong document as its response to the Court's order for additional briefing. Fourth, the Court finds that Defendant Holland acted in good faith because "[u]pon receiving notice" of its filing error "Defendant [Holland] filed a Notice of Errata" and the Court has no reason to doubt Defendant Holland's representation that its "erroneous and inadvertent filing was not intentional or malicious." ECF 22 at 1–2.

## VI. CONCLUSION

For the reasons articulated above, the Court **GRANTS** the Motion to Remand [ECF 8] and **DENIES** the Motion to Strike [ECF 21].

**IT IS THEREFORE ORDERED** that this case is **REMANDED** to the First Judicial District Court in Santa Fe County, New Mexico.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
***Presiding by Consent***